AYRES, Judge.
This is an action upon an open account wherein plaintiff seeks to recover of the defendant the sum of $3012.70, the rental value of machinery supplied with operators and the price of materials used in the construction of improvements of Sawyer Downs in Bossier Parish, Louisiana.
The defense, urged in a plea of prematurity, is that payment of this account was contingent and conditioned upon defendant’s obtaining adequate financing to complete the construction of the racetrack. Plaintiff's position is that it was to be paid on the consummation of a financial agreement with a Mr. Glassell, of Houston, Texas, with whom negotiations were underway at the time the work was done. Plaintiff’s further position is that irrespective of the version found applicable to the financing of the project, it has become cer *785 tain that the event, or contingency, relied upon to postpone the maturity of the debt sued upon will not happen.
After the trial of the plea of prematurity on its merits the court concluded that payment of this account was contingent upon defendant’s obtaining proper financing from anyone or from any source. Inasmuch as financing had not been so secured, the plea of prematurity was sustained and plaintiff’s demands were rejected. From the judgment plaintiff prosecutes a devolutive appeal.
Only two witnesses testified on the trial of the plea, James William Madden, a partner in plaintiff firm, and Earl Sawyer, who was president of defendant corporation during the time plaintiff was doing the work and performing the services upon which this action is based. Madden testified defendant was at the time in the process of securing a loan from or through Glassell for the necessary funds to complete the construction of the racetrack; that payment of plaintiff’s claim was to await the completion of the negotiations with Glassell for a loan. Sawyer testified that payment of plaintiff’s claim was contingent upon defendant’s securing proper financing from anyone or from any source and whenever that was done plaintiff was to be paid.
These facts are not disputed. The contemplated loan from or through Glassell did not materialize nor has defendant, after more than three years, been able to secure financing from any other source. Sawyer testified that at the time the work was being done there was a tentative arrangement with Glassell for financing the project; that he then anticipated the arrangements would soon mature. At the time of trial there was nothing definite as to whether fi-. nancing would ever be obtained to complete the racetrack and to permit its opening and operation. Mere hope that some day, somewhere defendant might obtain financing was all the assurance Sawyer had at the time he testified.
Though we are of the opinion payment of plaintiff’s claim was contingent upon defendant’s securing adequate financing from Glassell, the conclusion is inescapable that defendant has been unable to obtain financing from any source or from anyone. The burden of proof was upon defendant under its plea of prematurity to establish the facts to support the same under the principle that the burden of proving the existence of a fact is upon the party alleging such fact. Moreover, one who claims to have been exonerated from an obligation must establish the facts warranting that conclusion.
Under these facts we cannot accept defendant’s theory that so long as adequate financing was not obtained, defendant’s obligation to pay is not yet due and demand-able. The law applicable to the facts of this case is found in LSA-C.C. art. 2038. There it is provided:
“When an obligation has been contracted on condition that an event shall happen within a limited time, the condition is considered as broken, when the time has expired without the event having taken place. If there be no time fixed, the condition may always be performed, and it is not considered as broken, until it is become certain that the event will not happen.” (Emphasis supplied).
It appears certain from the record that the event upon the happening of which defendant’s obligation to plaintiff would become payable will not happen. This became certain before this action was instituted. Therefore, under the plain language of the aforesaid codal provision and the facts established to exist in this case, the plea of prematurity is without merit.
For the reasons assigned the judgment appealed is annulled, voided and set aside, and it is now ordered that the plea of prematurity be and it is now overruled. It is further ordered that this cause be and it is hereby remanded to The Honorable First Judicial District Court in and for Caddo *786 Parish, Louisiana, for further proceedings consistent with the views herein expressed and according to law.
Costs of this appeal are assessed against defendant-appellee, the assessment of all other costs to await final determination of this cause on its merits.
Reversed and remanded.